Jill F. Kopeikin (State Bar No. 160792)
Valerie M. Wagner (State Bar No. 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 510
Mountain View, CA 94040
Tel: (650) 428-3900
Fax: (650) 428-3901
vwagner@gcalaw.com
jkopeikin@gcalaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DR. CHEN-JEAN CHOU,

*Plaintiff,*

SONY CORPORATION, SONY CORPORATION OF AMERICA, AND SONY ELECTRONICS, INC.,

*Defendants.*

CASE NO. '13CV1661 WQH-KSC

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

DEMAND FOR JURY TRIAL

Plaintiff Dr. Chen-Jean Chou (hereinafter "Dr. Chou" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendants Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. (collectively, "Sony" or "Defendants") as follows:

**THE PARTIES**

1. Plaintiff Dr. Chen-Jean Chou has an address of 729 San Cristoval Ct., Morgan Hill, CA 95037.

2. Upon information and belief, Defendant Sony Corporation is a Japanese corporation with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Upon information and belief, Sony Corporation may be served at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

3. Upon information and belief, Defendant Sony Corporation of America is a New York corporation with its principal place of business at 550 Madison Avenue, 27th Floor, New York, NY 10022. Sony Corporation of America has appointed CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833 as its agent for service of process. Upon information and belief, Sony Corporation of America is a wholly owned subsidiary of Sony Corporation.

4. Upon information and belief, Defendant Sony Electronics Inc. is a Delaware corporation with its principal place of business at 16530 Via Esprillo, San Diego, CA, 92127. Upon information and belief, Sony Electronics Inc. may be served at CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833 as its agent for service of process. Upon information and belief, Sony Electronics Inc. is a subsidiary of Sony Corporation of America.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the state of California. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and/or sells its products in the United States, the State of California, and the Southern District of California. Each Defendant has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Southern District of California. Each Defendant has committed acts of patent infringement within the State of California and, more particularly, within the Southern District of California.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, upon information and belief, each Defendant has committed acts within this judicial District giving rise to this action and does business in this District, including using, selling, offering for sale, providing service and support for their respective customers, and/or importing infringing products in and/or into this District.

## COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,612,843

8. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-7 as though fully set forth herein.

9. United States Patent No. 7,612,843, titled "Structure and Drive Scheme for Light Emitting Device Matrix as Display Light Source" (hereinafter "the '843 patent"), was duly and legally issued by the United States Patent and Trademark Office on November 3, 2009, after full and fair examination. A true and correct copy of the '843 patent is attached as Exhibit A and made a part hereof.

10. Dr. Chou is the owner of all right, title, and interest in and to the '843 patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

11. The '843 patent is valid and enforceable.

12. Sony has at no time, either expressly or impliedly, been licensed under the '843 patent.

13. With respect to the '843 patent, Dr. Chou has complied with 35 U.S.C. § 287.

14. Upon information and belief, Sony has directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringed the '843 patent, by making, using, selling, offering for sale, and/or importing into the United States, without authority, products that fall within the scope of one or more claims of the '843 patent, including, but not limited to, models XBR-46HX929, XBR-55HX950, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '843 patent in substantially the same way to achieve the same result.

## COUNT II

## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,629,751

15. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-14 as though fully set forth herein.

16. United States Patent No. 7,629,751, titled "Electrical Compensation and Fault Tolerant Structure for Light Emitting Array" (hereinafter "the '751 patent"), was duly and legally issued by the United States Patent and Trademark Office on December 8, 2009, after full and fair examination. A true and correct copy of the '751 patent is attached as Exhibit B and made a part hereof.

17. Dr. Chou is the owner of all right, title, and interest in and to the '751 patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

18. The '751 patent is valid and enforceable.

19. Sony has at no time, either expressly or impliedly, been licensed under the '751 patent.

20. With respect to the '751 patent, Dr. Chou has complied with 35 U.S.C. § 287.

21. Upon information and belief, Sony has directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringed the '751 patent, by making, using, selling, offering for sale, and/or importing into the United States, without authority, products that fall within the scope of one or more claims of the '751 patent, including, but not limited to, models XBR-46HX929, XBR-55HX950, KDL-46R453A, KDL-46HX750, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '843 patent in substantially the same way to achieve the same result.

**CONCLUSION**

22. Unless Defendants are enjoined by this Court from continuing their patent infringements, Plaintiff will suffer additional irreparable harm for which there is no adequate remedy at law and impairment of the value of its patent rights.

23. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

24. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

## JURY DEMAND

25. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

26. Plaintiff respectfully requests that the Court find in its favor and against Sony, and that the Court grant Plaintiff the following relief:

A. A judgment that each Defendant infringed U.S. Patents 7,612,843 and 7,629,751 as alleged herein;

B. A judgment for an accounting of all damages sustained by Dr. Chou as a result of the acts of infringement by each Defendant;

C. A judgment and order requiring each Defendant to pay Dr. Chou damages under 35 U.S.C. § 284, supplemental damages for any continuing post-verdict infringement of active patents until entry of the final judgment with an accounting as needed, and any royalties determined to be appropriate;

D. A judgment and order requiring each Defendant to pay Dr. Chou pre-judgment and post-judgment interest on the damages awarded;

E. A preliminary and permanent injunction against further and continued infringement of U.S. Patents 7,612,843 and 7,629,751; and

F. Such other and further relief as the Court deems just and equitable.

[*Signature On Next Page*]

Dated: July 16, 2013

GCA LAW PARTNERS LLP

/s/ Jill F. Kopeikin
Jill F. Kopeikin

Jill F. Kopeikin (SBN 160792)
Valerie M. Wagner (SBN 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 510
Mountain View, CA 94040
Tel: (650) 428-3900
Fax: (650) 428-3901
vwagner@gcalaw.com
jkopeikin@gcalaw.com

Attorneys for Plaintiff CHEN-JEAN CHOU